NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0210n.06

Case No. 20-1228

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 21, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| CLAIRE J. KAY; CLAYMORE CONSTRUCTION CO., | ) ) ) | |
| Defendants-Appellants, | ) ) | |
| BANK OF AMERICA, N.A., | ) ) | |
| Defendant-Appellee. | ) ) ) | |

BEFORE: SUTTON, McKEAGUE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. United of Omaha, a life-insurance company, knows it has to pay someone. But it doesn't know whom.

I.

Dr. Sherman Kay held a life-insurance policy with United of Omaha. He assigned the policy to a bank as collateral for a business loan. Dr. Kay and his wife, Claire, defaulted on the loan and still owe the bank about $800,000. When Dr. Kay passed away, the bank filed a claim with Omaha. So did Mrs. Kay. Omaha denied both claims, and Mrs. Kay sued. She won, and Omaha now agrees that it owes $3.5 million under the insurance policy.

Mrs. Kay says that all of the money should go to her, but Omaha is not so sure. Since the policy was collateral for a loan that the Kays never paid back, Omaha worries that it might have to pay the bank directly under the terms of the assignment. It does not want to pay Mrs. Kay the full amount now only to have the bank sue it for the outstanding debt later.

So Omaha asked the court for help.

## II.

### A.

The law has a special type of proceeding called interpleader for situations like this. In a typical interpleader case, a party owes money but doesn't know whom to pay. So it sues the potential claimants—all parties who might have a legitimate claim against it for the money. The real contest is between the claimants; the interpleader plaintiff usually doesn't care who wins. To that end, the court will often order the plaintiff to deposit the disputed funds with the court and dismiss it from the case entirely. Then the court sorts out the various claims to the money and distributes the funds.

That's what happened here. Omaha sued Mrs. Kay and the bank. The parties agreed that there was about $800,000 in dispute (the amount the Kays still owed the bank). Omaha deposited that amount with the court, paid Mrs. Kay the rest of the proceeds, and was dismissed from the case.

The bank then moved for summary judgment, arguing that it had the sole right to collect the disputed funds from the insurance company. The district court agreed. The bank had a valid claim against Omaha because it "acquired all rights to initially collect the proceeds of the [p]olicy" under the assignment agreement. R. 29, Pg. ID 605. So the court granted summary judgment and ordered the funds distributed to the bank.

Mrs. Kay appealed. She said that two statutes of limitations—one for debt collection and one for contracts disputes—barred the bank's claim. We agreed with the district court that the debt-collection statute did not apply. *United of Omaha Life Ins. Co. v. Kay*, 751 F. App'x 636, 640 (6th Cir. 2018). The bank's claim against Omaha stemmed from the assignment agreement, not the Kays' underlying debt. *Id.* at 638. The assignment agreement is a contract, so the relevant limitations period is the one for contracts. We remanded so the district court could consider the applicability of the contracts statute of limitations, since it had not done so before.

On remand, the court held that Mrs. Kay had no right to argue that the contracts statute of limitations barred the bank's claim. Why? Because the interpleader action depended on the bank's potential contract claim against *Omaha*, not Mrs. Kay. In the court's view, that meant only Omaha could argue that the limitations period had run. Since Omaha had not "chose[n] to defend against [the bank's] collection efforts," it didn't make that argument, and Mrs. Kay could not make it on Omaha's behalf. R. 49, Pg. ID 869. The court therefore entered judgment for the bank.

B.

Under our precedent, the district court was right to reject Mrs. Kay's statute-of-limitations argument. We have held that even in interpleader cases, only the party facing liability can raise a statute-of-limitations argument. *Broad. Music, Inc. v. Roger Miller Music, Inc.*, 396 F.3d 762, 783 (6th Cir. 2005). This action is based on Omaha's potential liability to the bank under the assignment agreement. If the bank's claim against Omaha would be time-barred, it was up to Omaha to say so.

We affirm.